IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD ROBERSON, #R60232, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19−cv−1189−DWD |
| ) | |
| FRANK E. LAWRENCE, et al. ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Edward Roberson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard") brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Now before the Court is his Motion for Preliminary Injunction and/or Protective Order (Doc. 19). The Motion is **DENIED**.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). See also *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) ("[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.").

1

To obtain preliminary injunctive relief, Plaintiff must establish that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*

Plaintiff seeks injunctive relief prohibiting Defendants Lawrence, Lashbrook, Berner and several non-parties and "their successors in office, agents and employees and all other persons acting in concert and participating with them" from a variety of actions, including double-celling, preparing and serving Plaintiff's food trays, interfering with medical exams and treatment and retaliating against Plaintiff in general. (Doc. 19, pp. 2-3). He does not plead any facts in the Motion regarding such activities. Instead, he has attached a declaration from another inmate regarding an incident involving several non-party corrections officers using excessive force on Plaintiff on September 16, 2020. (*Id.*, pp. 4-6).

First, the Motion fails to demonstrate that Plaintiff will suffer irreparable harm without the relief sought. The facts submitted pertain to a single incident more than a month ago involving non-party corrections officers. Even interpreting the Motion with all the leeway granted to *pro se* litigants' pleadings, there is no basis to suggest an ongoing violation or an immediate threat of violation.

Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that

underlying suit." *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *Ayala v. Kruse*, No. 219CV00348JPHMJD, 2020 WL 4904761, at *2 (S.D. Ind. Aug. 20, 2020); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In the present matter, Plaintiff seeks only monetary relief; injunctive relief is a much different remedy and is therefore precluded from being sought by preliminary injunction. See *Daniels v. Dumsdorff*, No. 19-CV-00394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019).

## Disposition

For the foregoing reasons, Plaintiff's Motion (Doc. 19) is **DENIED**.

**IT IS SO ORDERED.**
**DATED:  October 30, 2020**

_____
**DAVID W. DUGAN**
U.S. District Judge