IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD ROBERSON, #R60232, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19−cv−1189−DWD |
| ) | |
| FRANK E. LAWRENCE, et al. ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Edward Roberson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard") brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Now before the Court is his second Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 21). The Motion is **DENIED**.

Plaintiff alleges that he was drugged and sexually assaulted on April 2, 2019. (*Id.*, p. 4). He also states he was harassed and "subject to visual rape" during a body cavity search on July 26, 2019. (*Id.*). On that date, he was placed in a poorly ventilated cell with no running water, a pool of water on the floor, rust on several surfaces and bugs. (*Id.*, pp. 4-5).

On January 9, 2020, Plaintiff was placed with a larger inmate who assaulted him while guards ignored his yells for help. (*Id.*, p. 5).

1

On August 7, 2020, Plaintiff received threats from several members of Security Threat Groups ("STGs," commonly known as gangs) that if he did not leave the cellhouse, he would be harmed. (*Id.*).

Plaintiff also alleges that he is receiving unclean food trays and has had food poisoning several times. (*Id.*, p. 6).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). See also *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) ("[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.").

To obtain preliminary injunctive relief, Plaintiff must establish that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*

A TRO is an injunctive order issued without notice to the party to be enjoined that may last no more than fourteen days and may issue:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).  Further, the Prison Litigation Reform Act ("PLRA") requires that any grant of preliminary injunctive relief or TRO "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(2).

Plaintiff seeks injunctive relief prohibiting Defendants Lawrence, Lashbrook, Jane Doe Hood and several non-parties and "their successors in office, agents and employees and all other persons acting in concert and participating with them" from double-celling inmates behind solid-steel doors and closing chuckholes in such cells. (Doc. 21, p. 1).  He also requests an order guaranteeing processing of inmate grievances and transferring him to a different facility.  (*Id.*, pp. 1-2).

First, the Motion fails to demonstrate that Plaintiff will suffer irreparable harm without the relief sought.  Only two of the alleged courses of action (providing sub-par food and the STG threats) are ongoing situations.  Neither is a sufficiently definite threat of irreparable harm to merit preliminary injunctive relief, let alone a TRO.  To merit preliminary injunctive relief, a movant must clearly show he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983).  With regard to the STG threat, Plaintiff has not alleged any official conduct involved.  He does

3

not allege that he told any prison personnel who refused to take action, that he applied for and was denied protective custody or anything else that could be construed as action taken under color of law.

As to the food issue, Plaintiff does not plead any irreparable harm beyond losing "more weight to an unhealthy amount" due to several bouts of food poisoning. (Doc. 21, p. 6). This is too vague to support a grant of preliminary injunctive relief. "[W]ith respect to the prospective injunctive relief…the future harm must be both real and immediate, not conjectural or hypothetical." *Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056, 1064 (7th Cir. 2020) (*citing Lyons*, 461 U.S. at 102). There is no indication that Plaintiff will continue to get food poisoning, or that he is being denied medical treatment if it does happen.

Moreover, Plaintiff seeks only monetary relief in his underlying Amended Complaint, making preliminary injunctive relief inappropriate. A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit. See *Ayala v. Kruse*, No. 219CV00348JPHMJD, 2020 WL 4904761, at *2 (S.D. Ind. Aug. 20, 2020); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997). Injunctive relief is of a wholly different character than monetary damages. As such, preliminary injunctive relief or a TRO are inappropriate.

## Disposition

For the foregoing reasons, Plaintiff's Motion (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  April 16, 2021

_____
DAVID W. DUGAN
U.S. District Judge