IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD ROBERSON, #R60232, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1189-DWD |
| ) | |
| FRANK E. LAWRENCE, ) | |
| JOHN DOE *Unit Major Menard CC* ) | |
| *North Housing Unit*, ) | |
| JOHN DOE *Unit Major Menard CC* ) | |
| *West Housing Unit*, ) | |
| JOHN DOE *Segregation Intake Officer* ) | |
| *Menard CC*, ) | |
| ZACHARY FENTON, ) | |
| JOHN DOE ANDERSON *Correctional* ) | |
| *Officer*, ) | |
| JOHN DOE METCALF *Correctional* ) | |
| *Officer*, ) | |
| JACQUELINE LASHBROOK, ) | |
| ALEX D. JONES, | |
| HEATHER HOOD, and | |
| MARCELLUS OTTENMEIER, | |
| | |
| Defendants. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Edward Roberson is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Menard Correctional Center ("Menard"). He brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard. In his Second Amended Complaint (Doc. 26), Roberson alleges that he was sexually assaulted by another inmate. Roberson claims that Menard officials failed to properly investigate the assault and/or contributed to conditions that

1

put him at risk for assault. He also asserts claims regarding two rectal cavity searches and his subsequent placement in segregation. Roberson seeks money damages.

Roberson's Second Amended Complaint (Doc. 26) is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this stage, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## I.     The Second Amended Complaint

Roberson makes the following allegations in his Second Amended Complaint (Doc. 26): On March 30, 2019, Roberson was transferred to the North 2 segregation unit for fighting with a member of the Black Gangster Disciples gang. On April 2, 2019, another inmate (also a member of the Black Gangster Disciples) delivered Roberson's lunch tray. After eating his lunch, Roberson lost consciousness. When Roberson awoke, he was laying on his stomach with his clothing partially removed, and his rectum felt penetrated. Believing he had been drugged and sexually assaulted, Roberson asked Zachary Fenton, a correctional officer, for grievance forms. He also asked to speak with internal affairs. Sometime later, Roberson wrote a note regarding the assault and handed it to another correctional officer. The correctional officer did not show any concern and did not acknowledge the note.

After the assault, inmates and correctional officers accused Roberson of being a snitch and a homosexual. On one occasion, Correctional Officer Smith denied Roberson a lunch tray, calling him a rat. Roberson filed grievances regarding the denial of his lunch tray and several complaints under the Prison Rape Elimination Act ("PREA"). His grievances and complaints were ignored.

On April 24, 2019, despite Roberson's objections, Officer Fenton housed Roberson with another inmate. Roberson remained double celled until he was released from segregation on April 30, 2019. After being released from segregation, Roberson learned that members of the Black Gangster Disciples planned to attack him. Menard officials investigated the alleged threat, determined it was credible, and transferred Roberson to another housing unit.

On July 26, 2019, "Major John Doe," "2 John Doe Lieutenants," and correctional officer Kyle R. Williamson subjected Roberson to an unjustified rectal cavity search. When Roberson objected, the "lieutenant" ordered him to segregation without following proper procedure. Upon arrival at the North 2 segregation unit, John Doe Segregation Intake Officer Menard CC subjected Roberson to a second cavity search despite knowing that Roberson had just completed a cavity search and had been in the presence of Menard officials since completion of that search.

After completing his second cavity search, Roberson was placed in a segregation cell. The cell was infested with insects and was extremely hot. The walls and toilet bowl were covered in feces, and there was a pool of water on the floor. The mattress in the cell was soaked in urine and there was no running water. Officials did not give Roberson any

bedding or toiletries. Roberson remained in this cell for fourteen days. Correctional Officer John Doe Anderson and Correctional Officer John Doe Metcalf were aware of the conditions in Roberson's cell, but failed to assist him in any meaningful way.

## II.     Preliminary Dismissals

### A.     Claims Against Non-Parties

In the Second Amended Complaint, Roberson refers to and/or attempts to bring claims against several individuals who are not named as defendants in this action. When parties are not named in the complaint's caption or in the list of defendants, this Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption"). These individuals include the following: Correctional Officer Smith, Correctional Officer Kyle R. Williamson, "the lieutenant," and "2 John Doe lieutenants." All claims against these non-parties are considered dismissed without prejudice.

### B.     John Doe Unit Majors

Roberson identifies John Doe Unit Major Menard CC North 2 Housing Unit and John Doe Unit Major Menard CC West Housing Unit (collectively, "John Doe Unit Majors") as defendants in his list of defendants and attempts to bring claims against both individuals. The body of the Second Amended Complaint includes allegations directed against "the major," "major John Doe," and various unidentified correctional officers. It is unclear which, if any, of these claims is associated with each John Doe Unit Major. This is insufficient - the Court will not guess which allegation goes with which John Doe Unit

4

Major, and the defendants are entitled to know which allegations are made against each of them specifically. *See Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Accordingly, John Doe Unit Major Menard CC North 2 Housing Unit and John Doe Unit Major Menard CC West Housing Unit, and any claims directed against them, are dismissed without prejudice.

**C.     Claims Against Parties Lacking Personal Involvement**

Roberson brings claims against Warden Frank E. Lawrence, Assistant Warden Jacqueline Lashbrook, Assistant Warden Alex D. Jones, Counselor Heather Hood, and Correctional Officer Marcellus Ottenmeier. Although these individuals are identified as defendants in the Second Amended Complaint, Roberson does not sufficiently allege that they were personally involved in the deprivation of his constitutional rights. An action under § 1983 is based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). However, "[s]upervisory liability will be found ... if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997).

Roberson claims that the above referenced defendants are subject to liability for violating his Eighth and/or Fourteenth Amendment rights. The Second Amended Complaint, however, does not include allegations demonstrating that any of these

5

individuals caused or contributed to violating Roberson's rights. Accordingly, Frank E. Lawrence, Jacqueline Lashbrook, Alex D. Jones, Heather Hood, and Marcellus Ottenmeier, and any claims directed against these individuals, are dismissed without prejudice.

### III. Designation of Claims

Considering the above dismissals and the allegations in the Second Amended Complaint, the Court designates the following Counts:[1]

> **Count 1:** **Eighth and/or Fourteenth Amendment claim against Zachary Fenton for failing to protect Roberson from being sexually assaulted on April 2, 2019.**
>
> **Count 2:** **Eighth and/or Fourteenth Amendment claim against John Doe Segregation Intake Officer Menard CC, John Doe Anderson, and John Doe Metcalf for subjecting Roberson to unconditional conditions of confinement when he was confined to segregation in July and August 2019.**
>
> **Count 3:** **Eighth and/or Fourth Amendment claim against John Doe Segregation Intake Officer Menard CC for subjecting Roberson to an unreasonable rectal cavity search.**
>
> **Count 4:** **Fourteenth Amendment claim against Zachary Fenton for failing to provide Roberson with grievance forms on April 2, 2019.**
>
> **Count 5:** **Claim against Zachary Fenton for failing to provide Roberson with a crisis team on April 2, 2019.**

---

[1] With respect to Counts 1 through 2, Roberson references both the Eighth and Fourteenth Amendments. The Eighth Amendment prohibits the cruel and unusual punishment of incarcerated persons and is applicable to the states through the general Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660 (1962). The Court will analyze these claims under the more specific provision, i.e., the Eighth Amendment. *Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) (analyzing claim under most "explicit source[s] of constitutional protection.").

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### IV.   Discussion

A.   **Count 1**

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Id*. at 834. For a plaintiff to succeed on a failure to protect claim, he must show that: 1) he was "incarcerated under conditions posing a substantial risk of serious harm," and 2) the defendant-officials acted with "deliberate indifference" to the risk. *Id*. at 834. Count 1 fails on the second prong. Roberson does not allege that Fenton knew that there was a substantial risk that the inmate delivering lunch trays would assault Roberson. Accordingly, Count 1 is dismissed without prejudice for failure to state a claim.

B.   **Count 2**

Roberson states a viable conditions of confinement claim against John Doe Anderson and John Doe Metcalf. Roberson claims that they were aware of the deplorable

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

conditions in his cell but did nothing to remedy the problem. Roberson, however, fails to state a claim against the unknown segregation intake officer because he does not allege that this individual was personally aware of the conditions in his cell. *See Farmer*, 511 U.S. at 834. Accordingly, Count 2 is dismissed without prejudice as to John Doe Segregation Intake Officer Menard CC.

**C.     Count 3**

The Eighth Amendment safeguards prisoners against searches that correctional officers subjectively intend as a form of punishment. *Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020) (en banc). A strip search of a prisoner violates the Eighth Amendment if its purpose is "maliciously motivated, unrelated to institutional security, and hence totally without penological justification." *Chatman v. Gossett*, 766 F. App'x 362, 364 (7th Cir. 2019) (quoting *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)). While the Eighth Amendment focuses on a defendant's subjective state of mind, the Fourth Amendment focuses on objective reasonableness. *Henry*, 969 F.3d at 781. "The Fourth Amendment thus protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id*.

According to the Second Amended Complaint, John Doe Segregation Intake Officer Menard CC ("the segregation intake officer") subjected Roberson to a cavity search upon arrival at the North 2 restricted housing unit. Roberson contends the search was unnecessary because the segregation intake officer knew that (1) Roberson had been subjected to a cavity search immediately before arriving at segregation, and (2) Roberson

8

had not left the supervision of other officers since the initial cavity search. These allegations are sufficient to allow Roberson to proceed against the segregation intake officer under the Fourth Amendment. The Second Amended Complaint, however, is devoid of any allegations suggesting that the segregation intake officer acted with the intent to harass or punish Roberson.[3] Accordingly, the Eighth Amendment claim shall be dismissed without prejudice.

**D.      Counts 4 and 5**

According to the Second Amended Complaint, when Roberson regained consciousness on April 2, 2019, he told Fenton he needed grievance forms and he asked to speak with internal affairs. Subsequently, Roberson wrote a note "explaining the incident at hand" and gave the note to another unidentified correctional officer. Against this backdrop, Roberson attempts to bring a Fourteenth Amendment due process claim against Fenton for failing to provide the requested grievance forms. He also attempts to bring a claim against Fenton for failing to provide him with access to a crisis team.

With respect to the grievance claim, it is well-settled that issues with grievance procedures do not constitute violations of the Fourteenth Amendment. Prison grievance procedures are not mandated by the Constitution and do not by their very existence create interests protected by the due process clause of the Fourteenth Amendment. *See Owens v. Hinsley*, 635 F.3d 950, 953-954; *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Accordingly, the grievance claim directed against Fenton cannot proceed.

---

[3] The Second Amended Complaint suggests that officials involved in the initial cavity search may have intended the search as a form of punishment. These individuals, however, are not named defendants. Accordingly, any intended claims against these individuals have been dismissed without prejudice.

Roberson's allegations pertaining to lack of access to a crisis team also fail to state a claim. To the extent that Roberson is alleging Fenton denied him access to medical or mental health care in violation of the Eighth Amendment, Roberson has not alleged that he asked Fenton to speak with a crisis team or that Fenton knew Roberson had been sexually assaulted. Absent such allegations, Roberson has failed to allege Fenton had the subjective knowledge required to support an Eighth Amendment deliberate indifference claim.

To the extent that Roberson is alleging failure to provide a crisis team violated rights afforded to him under PREA, the claim also fails. First, as with the Eighth Amendment claim, Roberson does not allege that he told Fenton he had been sexually assaulted or that he needed a crisis team. Second, although prison officials have a duty under the Constitution to protect prisoners from assault, *Farmer v. Brennan*, 511 U.S. 825 (1994), the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened. *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Finally, PREA does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements. *Johnson v. Garrison*, 859 F. App'x 863 (10th Cir. 2021); *Williams v. Wetzel*, 827 F. App'x 158, 162 (3d Cir. 2020); *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015).

For these reasons, Counts 4 and 5 are dismissed without prejudice.

### V.     Identification of Unknown Defendants

The current Warden of Menard Correctional Center, Anthony Wills, in his official capacity, will be added to the docket for purposes of responding to discovery aimed

at identifying the Doe defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the names of the Doe defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants for the Doe defendants.

## VI.    Disposition

The Second Amended Complaint (Doc. 26) survives review under 28 U.S.C. § 1915A in part and is dismissed in part as follows:

- John Doe Unit Major Menard CC North 2 Housing Unit, John Doe Unit Major Menard CC West Housing Unit, Frank E. Lawrence, Jacqueline Lashbrook, Alex D. Jones, Heather Hood, Marcellus Ottenmeier, and any claims directed against these individuals, are dismissed without prejudice. **The Clerk of Court is DIRECTED to terminate these individuals as defendants on the Court's docket.**

- Counts 1, 4, and 5 directed against Zachary Fenton are dismissed without prejudice. **The Clerk of Court is DIRECTED to terminate Fenton as a defendant on the Court's docket.**

- Count 2 shall proceed against John Doe Anderson and John Doe Metcalf. Count 2 is dismissed without prejudice as to John Doe Segregation Intake Officer Menard CC.

- Count 3 shall proceed against John Doe Segregation Intake Officer Menard CC under the Fourth Amendment. The Eighth Amendment claim in Count 3 is dismissed without prejudice.

The Clerk of Court is **DIRECTED** to **ADD ANTHONY WILLS, WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only) to the docket for purposes of responding to discovery aimed at identifying the unknown Defendants.

The Clerk of Court shall prepare for Defendants **WARDEN ANTHONY WILLS** (official capacity only)**,** and, once identified, **JOHN DOE ANDERSON, JOHN DOE**

**METCALF,** and **JOHN DOE SEGREGATION INTAKE OFFICER MENARD CC**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**WILLS** is **ORDERED** to timely enter his appearance. **WILLS**, however, <u>does not need to file an answer or other responsive pleading</u>. Once **WILLS** enters his appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **WILLS** will be responsible for responding to discovery requests propounded in accord with this discovery order.

Once served, the unknown Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the unknown Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/28/2021**

_____
DAVID W. DUGAN
United States District Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.